# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RONNIE SLOAN,

        Petitioner,    :    Case No. 1:13-cv-166

- vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

HAMILTON COUNTY JUSTICE
  CENTER,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Ronnie Sloan filed this habeas corpus case on March 14, 2013, while he was being held pending trial in the Hamilton County Justice Center. He pleads the following grounds for relief:

> **Ground One:** Defendant has been [held] in lieu of bail over 270 days. That is the limitation to have trial. Petitioner never agreed to a continuance over 10 days. Counsel never talk[ed] to Sloan about presence in court.
>
> **Ground Two**: Petitioner wasn't present in court to object to any continuance. Counsel never consuted [sic] with client about my present [sic] or continunce [sic] befor [sic] or after court on numerous court dates. Never signed the entry of continuance. I have the right to a fast an[d] speedy trial under 270 days.
>
> **Ground Three:** Petitioner have [sic] been confined in Hamilton County Justice Center from 11-23-11 awaiting trial. Over the 270 days limitation in which to have trial. Sloan was not present in court to object to no continuance for more then [sic] days.

(Petition, Doc. No. 1.)

On Order of Magistrate Judge Karen Litkovitz, the Hamilton County Prosecutor on

1

behalf of the Respondent has filed a Return of Writ (Doc. No. 7) and Petitioner has filed a Reply (Doc. No. 9).

Sloan filed this action under 28 U.S.C. § 2254 which provides an avenue for a state prisoner to seek relief from an unconstitutional final judgment of a state court.  At the time he filed the Petition, Sloan had not been convicted.  Indeed, his complaint was that he was being held in lieu of bail without a trial

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts.  28 U.S.C. § 2254(b) and (c);  *Picard v. Connor*, 404 U.S. 270, 275 (1971).

In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court.  *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969);  *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970).  It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code § 2953.21.  *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990).

Respondent raised lack of exhaustion in the Return of Writ.  In his Response, all Sloan says is that he has not been given a hearing on his motions to dismiss under Ohio Revised Code § 2945.71.  But the Return shows multiple motions to continue the trial filed by various attorneys who represented Sloan and cites Ohio authority for the proposition that an attorney has power to seek a continuance without the client's consent.

Because the record shows Sloan has not exhausted even the first remedy of a direct appeal (at least as of the time he filed his Response to the Return of Writ), this case should be dismissed without prejudice for lack of exhaustion.  If an appeal has occurred since this case became ripe on May 24, 2013, Petitioner should provide proof of what further he has done to exhaust remedies in the state courts.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

May 2, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).